UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR-MANAGEMENT COOPERATION TRUST; HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUND; and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, <br><br> Plaintiffs <br><br> v. <br><br> FLEET CONSTRUCTION CO., INC., <br><br> Defendant <br><br> and <br><br> FLEET BANK, <br><br> Trustee | C.A. No. |

## VERIFIED COMPLAINT FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.  The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.  Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4.  Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5.  Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund. This Fund provides participant directed individual accounts including a 401(k). The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6. Plaintiff Gina M. Alongi is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. This Fund trains apprentices and journey workers on the construction industry. The Hoisting and Portable Engineers Local 4 Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. Plaintiff Gina M. Alongi is the Administrator of the Joint Labor/Management Cooperative Trust. This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9). The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9. The International Union of Operating Engineers Local 4 is a labor organization within the meaning of §301 of the LMRA, 29 U.S. C. §185. The Union is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

10. Defendant Fleet Construction Co., Inc. (hereinafter "Fleet" or "Employer") is a Rhode Island corporation with a principal place of business at 24 Martin Street, Suite 10, Cumberland, Rhode Island 02864, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S. C. §185.

11. Upon information and belief, Fleet Bank is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

12. On or about August 21, 2006, defendant Fleet agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of Fleet's signed agreement ("Short Form Agreement") is attached hereto as Exhibit A.

13. Because of the Short Form Agreement, Fleet has been a party to successive collective bargaining agreements with the International Union of Operating Engineers Local 4, including the current agreement which is effective from June 1, 2005 through May 31, 2008 ("the Local 4 Agreement"). A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

14. The Agreement requires Fleet to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement and to pay interest on late payments at the rate of one (1%) percent per month. Interest on late employee elective deferrals payments to the Annuity and Savings Fund are assessed in accordance with rules and regulations of the Department of Labor.

15. Pursuant to the Agreement, employers are also obligated to deduct from wages and remit a negotiated percentage of the gross wage package for union dues. If employees so elect, the employer is also obligated to deduct money from wages and pay to the Social Action Committee.

16. Fleet has been consistently delinquent in its payments and the Funds and their counsel have repeatedly sent letters demanding payments.

17. By certified mail return receipt requested, dated January 22, 2007, Fund counsel sent Fleet a demand for payment of contributions due through that date. A copy of that letter and return receipt are attached hereto as Exhibit C.

18. Fleet made a partial payment of the delinquent contributions. However, it continues to owe $53,944.75 for the months of December 2006 and January 2007 and owes an unliquidated amount for the month of February 2007 through the present.

19. On information and belief, Fleet deducted dues from its employees' wages between December 2006 and January 2007 totaling $1,805.88 and an unliquidated amount for February 2007 through the present which it has not remitted.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

20. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-19 supra.

21. The failure of Fleet to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

22. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, and the Funds and their participants will be irreparably damaged.

23. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA - DELINQUENT CONTRIBUTIONS AND INTEREST

24. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-23 supra.

5

25. The failure of Fleet to make contributions on behalf of all covered employees and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

### COUNT III - VIOLATION OF LMRA – DUES

26. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-24 supra.

27. The failure of Fleet to remit the dues it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of defendant Fleet Construction Co., Inc. held by Fleet Bank;

b. Order the attachment of the machinery, inventory and accounts receivable of defendant Fleet Construction Co., Inc.;

c. Order defendant Fleet Construction Co., Inc. to make available to Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records, weekly payroll registers, certified payrolls, cash disbursement journals, and a complete list of all job locations for the period January 1, 2006 until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions;

d. Enter a preliminary and permanent injunction enjoining defendant Fleet Construction Co., Inc. from refusing or failing to make contributions to Plaintiff Funds and from

refusing or failing to permit Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

e. Enter a preliminary and permanent injunction enjoining defendant Fleet Construction Co., Inc. from refusing or failing to remit dues;

f. Enter judgment in favor of the Plaintiff Funds in an as yet unliquidated amount, and any additional amounts determined by the Court to be owed by defendant Fleet Construction Co., Inc. or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

g. Enter judgment in favor of the Plaintiff Union in an as yet unliquidated amount, and any additional amount determined by the Court to be owed by defendant Fleet Construction Co., Inc. or which may come due during the pendency of this action;

h. Such further and other relief as this Court deems appropriate.

Respectfully submitted,

GINA ALONGI, as she is
ADMINISTRATOR, INTERNATIONAL
UNION OF OPERATING ENGINEERS
LOCAL 4 HEALTH AND WELFARE,
PENSION, AND ANNUITY AND
SAVINGS FUNDS, et al,

By their attorneys,

_____
Anne R. Sills, Esquire
BBO #546576
Mary T. Sullivan, Esquire
BBO #487130
Kathryn S. Shea, Esquire
BBO #547188

Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208
kshea@segalroitman.com

Dated: April 9, 2007

## VERIFICATION

I, Gina M. Alongi, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 7 DAY OF APRIL, 2007.

Gina M. Alongi

KSS/3118/04-565fleetconstruction/fleetcomplaint.doc

8